Memorandum: Respondents appeal from a judgment confirming an arbitration award. We previously held this case, reserved decision and remitted the matter to Supreme Court for a determination, after a framed-issue hearing, whether the third-party vehicle at issue was covered by any other insurance that would negate the supplemental uninsured/underinsured motorist (SUM) coverage afforded by the policy issued by respondent New Hampshire Insurance Company (NHIC) (Matter of Bobak [AIG Claims Servs., Inc.], 72 AD3d 1651 [2010]). We also reversed the order in a related appeal that denied NHIC’s petition seeking a permanent stay of arbitration, and we remitted the matter to Supreme Court for, inter alia, a new determination on that petition (Matter of New Hampshire Ins. Co. [Bobak], 72 AD3d 1647, 1649-1650 [2010]). Upon remittal in each case, the court conducted the framed-issue hearing based only on submitted documents and oral arguments. The court concluded that NHIC’s SUM coverage was not implicated because Travelers Insurance Company (Travelers) had issued an excess policy that would provide $1,000,000 of coverage to petitioner. The court also, inter alia, granted a temporary stay of arbitration that would become permanent upon payment to petitioner of the benefits afforded by the Travelers policy.
Initially, we note that the order entered by the court upon remittal applies only to the order reversed in Matter of New Hampshire, and we further note that no appeal has been taken *1104 from that order entered upon remittal. Consequently, the contentions of the parties with respect to the stay of arbitration granted therein are not before us. Nevertheless, we conclude that the evidence presented at the framed-issue hearing and the court’s factual findings in that order are applicable to the issue that is before us after remittal in Matter of Bobak. Thus, in the interest of judicial economy, we deem the factual findings made by the court in the order entered upon remittal in Matter of New Hampshire to be applicable to the appeal from the judgment before us.
We conclude that petitioner’s contention that the court erred in failing to join Travelers and the Ohio Insurance Guaranty Association (OIGA) as necessary parties is raised for the first time on appeal and thus is not properly before us (see Levi v Levi, 46 AD3d 519, 520 [2007]; cf. Matter of Dioguardi v Donohue, 207 AD2d 922, 922 [1994]).
We agree with NHIC that the court erred in confirming the arbitration award. In a case such as this “[wjhere arbitration is compulsory, our decisional law imposes closer judicial scrutiny of the arbitrator’s determination under CPLR 7511 (b) . . . To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious” (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]; see Matter of Mangano v United States Fire Ins. Co., 55 AD3d 916, 917 [2008]). Here, we conclude that there is no evidentiary support for the arbitrator’s conclusion that petitioner was entitled to collect SUM benefits from NHIC. The SUM policy provisions state that it affords coverage where, inter alia, a person covered by the policy is involved in an accident with a motor vehicle that is uninsured, which includes a situation in which the other vehicle’s insurer disclaims coverage or becomes insolvent. Although the evidence before us establishes that the other vehicle’s primary insurer is insolvent and that no benefits will be afforded to petitioner by the OIGA, which assumed the liabilities of that insolvent company, the evidence also establishes that there is an excess policy issued by Travelers, and that Travelers did not disclaim coverage. We therefore reverse the judgment, dismiss the petition seeking to confirm the arbitration award and vacate the arbitration award.
All concur except Garni, J., who dissents and votes to affirm in the following memorandum.